[No. 17500.   Department Two.   December 4, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES E.
.           REDMOND *et al., Appellants.*[1]

ROBBERY (1)—ELEMENTS OF OFFENSE—FORCE AND PUTTING IN FEAR
—EVIDENCE—SUFFICIENCY.   In a prosecution for robbery, there was
sufficient evidence of force and putting in fear, where a bank mes-
senger was approached from behind by four persons, one of whom
pressed a gun against his side and ordered him to drop a bag con-
taining currency, which the men then seized and made their
escape.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered January 21, 1922,
upon a trial and conviction of robbery.   Affirmed.

*E. C. Dailey* and *E. P. Donnelly,* for appellants.

*Malcolm Douglas* and *John D. Carmody,* for re-
spondent.

PER CURIAM.—This is an appeal by James E. Red-
mond and Robert Lynch from a judgment of conviction
on a charge of robbery.   The offense consisted of the
taking by the appellants of some twenty-five thousand
dollars in currency from a bank messenger which the
messenger was carrying from a Federal reserve bank
in the city of Seattle to another bank in the same city.
The sole contention for reversal is that the evidence
fails to show that the taking of the property was by
means of force or violence, or by putting the bank
messenger in fear.

The evidence on the question of force and fear is
found in the testimony of the messenger, the testimony
of certain eye-witnesses to the transaction, and the
testimony of a participant in the act.   This testimony
shows that the offense was committed on July 14, 1921,

[1]Reported in 210 Pac. 772.

shortly after ten o'clock in the morning, on one of the public streets of the city of Seattle. The messenger testified that he was sent by the bank by whom he was employed to a Federal reserve bank with an order for currency; that he procured the currency, placed it in a bag and, with a companion, started on his return to his employer bank, carrying in his hand the bag in which he had placed the currency; that, while on his way, some one stopped him, pressed a gun against his head and commanded him to drop the bag, which command he obeyed. He testified to no other element of force, nor did he say that he was put in fear. From the testimony of other witnesses for the state, it appears that there were four men engaged in the act; that these men approached the messenger from behind; that one of them had a gun in his hand which he pressed against the back of the messenger, telling him to drop the bag; that the messenger did drop the bag, and that when he did so the bag was picked up by one of the men, carried to a near-by automobile into which the men climbed and drove away. One of the participants in the act was also a witness for the state. He testified that the messenger did not drop the bag when first commanded so to do, but continued to carry it until one of them placed a gun at his back and commanded him so to do.

It is our opinion that there was here sufficient evidence of force and fear to constitute the crime of robbery. It is generally held that if the taking of the property be attended with such circumstances of terror, or such threatening by menace, word or gesture as in common experience is likely to create an apprehension of danger and induce a man to part with property for the safety of his person, it is robbery. And in consonance with the rule, it was held in the much cited case of *Long v. State,* 12 Ga. 293, that it is not neces-

sary that actual fear be strictly and precisely proved, "for the law, *in odium spoliatoris,* will presume fear where there appears to be just ground for it." Conceding, therefore, that actual physical force was not shown, we think the circumstance of the assault was sufficient to justify the jury in finding that there was here a taking by putting in fear.

Affirmed.