FILED
COURT OF APPEALS
DIVISION II

2013 MAR 12 AM 8: 41

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42833-4-II |
| Respondent, | |
| v. | |
| CLARK MALCOLM KEMPER, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Clark Malcolm Kemper appeals his first degree robbery conviction, arguing that the State's evidence was insufficient to establish that he obtained money by the use or threatened use of force or fear of injury under RCW 9A.56.190. Kemper makes additional arguments without merit in a statement of additional grounds (SAG). We affirm.[1]

### FACTS

On March 22, 2011, Kemper walked into the Fibre Federal Credit Union in Longview, Washington, and approached Diana Jackson, a teller. He leaned over the counter in front of her station and in a quiet voice told her, "I want all the money and dye packs out of your drawer." 1 Report of Proceedings (RP) at 48. Jackson could not see Kemper's hands.

Jackson responded, "I beg your pardon." 1 RP at 49. Kemper repeated his demand in a low voice. Jackson told Kemper she did not have dye packs and asked him if he wanted a bag for the money. She was scared that Kemper would be mad because she could not give him dye

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

packs. Kemper "got a little bit louder and a little more demanding and said, '[G]ive me all the money out of your drawer now.'" 1 RP at 50. He still kept his hands under the counter in front of Jackson. Jackson was concerned that Kemper was holding a weapon.[2]

Jackson reached into her drawer and placed the money on the counter. Kemper snatched it from the counter, turned around, and walked out of the bank. Officers later located the money and arrested Kemper.

A jury found Kemper guilty of first degree robbery and second degree theft. Kemper appeals his robbery conviction.

## ANALYSIS

Kemper argues that the evidence is insufficient to support his conviction for first degree robbery because the State failed to prove that he used "force or fear" to obtain the money. Br. of Appellant at 4. We disagree.

I.      Standard of Review

Evidence is legally sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). This court interprets all reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Credibility determinations are for the trier of fact and are not subject to review. *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d 725 (2006).

---

[2] A detective who interviewed Jackson after the robbery testified that she was "visibly shaking" and needed to calm down before giving a full statement. 2 RP at 175.

## II. Threat of Force

A person commits robbery "when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone." RCW 9A.56.190. A taking qualifies as a robbery if the circumstances of the taking "create[d] an apprehension of danger and induce[d] a[n owner] to part with property for the safety of his person." *State v. Shcherenkov*, 146 Wn. App. 619, 624-25, 191 P.3d 99 (2008) (quoting *State v. Redmond*, 122 Wash. 392, 393, 210 P. 772 (1922)), *review denied*, 165 Wn.2d 1037 (2009). Any force or threat, however slight, which induces the owner to part with her property is sufficient to support a robbery conviction. *State v. Handburgh*, 119 Wn.2d 284, 293, 830 P.2d 641 (1992) (citing *State v. Ammlung*, 31 Wn. App. 696, 704, 644 P.2d 717 (1982)). "And the law will presume fear where there appears to be just ground." *State v. Redmond*, 122 Wash. 392, 393-94, 210 P. 772 (1922).

Kemper contends that the mere fact that the teller could not see his hands is insufficient to support his robbery conviction absent additional evidence of verbal or physical threats. We disagree based on the weight of authority about the sufficiency of the evidence necessary to show the use or threatened use of force or fear of injury to support a robbery conviction.

In *State v. Collinsworth*, 90 Wn. App. 546, 548, 966 P.2d 905 (1997), *review denied*, 135 Wn.2d 1002 (1998), Division One of this court addressed the argument Kemper now makes as a matter of first impression in Washington. *Collinsworth*, 90 Wn. App. at 551-52. It held:

> [T]he fact that Collinsworth did not display a weapon or overtly threaten the bank tellers does not preclude a conviction for robbery. 'The literal meaning of words is not necessarily the intended communication.' In each incident, Collinsworth made a clear, concise, and unequivocal demand for money. He also either reiterated his demand or told the teller not to include "bait" money or "dye packs," thereby underscoring the

3

seriousness of his intent. No matter how calmly expressed, an unequivocal demand for the immediate surrender of the bank's money, unsupported by even the pretext of any lawful entitlement to the funds, is fraught with the implicit threat to use force.

*Collinsworth*, 90 Wn. App. 553 (citations omitted).

Similarly, *State v. Parra*, Division One of this court upheld Richard Kent's second degree robbery conviction because, although neither teller saw a weapon or was threatened by Kent when he made his demands for money, both were fearful of injury if they did not comply with his demands.[3] 96 Wn. App. 95, 102, 977 P.2d 1272, *review denied*, 139 Wn.2d 1010 (1999). Finally, in *State v. Shcherenkov*, 146 Wn. App. 619, 191 P.3d 99 (2008), Shcherenkov argued that the *Collinsworth* decision blurred the line between theft and robbery and that his robbery conviction was not supported by sufficient evidence. We affirmed his robbery conviction, not based on *Collinsworth*, but because the evidence was even stronger than in *Collinsworth*. *Shcherenkov*, 146 Wn. App. at 628.

In three of Shcherenkov's four robberies, he presented a teller with a note stating, "This is a robbery" and asking for money; in one incident, he hid his hand pocket; in another, he reached a hand into a pocket; and in a third, he wore a hood. *Shcherenkov*, 146 Wn. App. at 622-23. Finally, in the fourth robbery, Shcherenkov kept at least one hand in a pocket at all times and his note added, "Do not make any sudden movements or actions. I will be watching you." *Shcherenkov*, 146 Wn. App. at 622-23. We held that the jury's "conclusion that Shcherenkov threatened use of immediate force was supported by sufficient evidence." *Shcherenkov*, 146 Wn. App. at 629.

---

[3] The opinion does not state why the case involved Richard Kent's conviction but is referred to as *State v. Parra*.

Here, Jackson testified that Kemper leaned over her and twice made a clear request for money. *Collinsworth*, 90 Wn. App. at 553. He never displayed his hands. *Shcherenkov*, 146 Wn. App. at 629; *Parra*, 96 Wn. App. at 98. He referred to dye packs. *Collinsworth*, 90 Wn. App. at 548. He then made a third request, while still hiding his hands, that was louder and more demanding and told Jackson to comply, "[N]ow." 1 RP at 50. Moreover, Jackson testified that she was scared that Kemper would be mad because she could not give him dye packs, and was concerned that Kemper was holding a weapon. The jury's conclusion that Kemper used the threat of immediate force to compel Jackson to comply with his demand for the money was supported by sufficient evidence and we affirm Kemper's robbery conviction.

III. Statement of Additional Grounds (SAG)

Kemper raises two additional issues in his SAG. First, he takes issue with his trial counsel's alleged failure to seek an appeal bond. SAG Ground 1. Assuming Kemper raises this issue to obtain release during the pendency of his appeal, because Kemper's appeal is now resolved, any request for an appeal bond is moot. Even if this issue was not moot, RAP 7.2(f) provides that the trial court, not the appellate court, has the authority "to fix conditions of release of a defendant" during an appeal. *See State v. Cole*, 90 Wn. App. 445, 447, 949 P.2d 841 (1998).

Second, he argues that the Cowlitz County public defender's office was understaffed and incapable of providing effective assistance. As an example, he states, "My attorney spent eight months trying to get me to plead to a crime." SAG Ground 2. We interpret this claim as one that his counsel advised him to enter a plea or accept a plea offer from the State.[4]

---

[4] There is no evidence in the record about a plea offer from the State and we make no determination about the substance of any suggested plea by Kemper's counsel.

We review claims of ineffective assistance of counsel de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995), *review denied*, 129 Wn.2d 1012 (1996). To demonstrate he received ineffective assistance of counsel, Kemper must show that: "(1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). "A failure to establish either element of the test defeats the ineffective assistance of counsel claim." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004); *see also State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012).

We presume that counsel's representation was effective. *State v. Hendrickson*, 129 Wn.2d 61, 77, 917 P.2d 563 (1996). The presumption of effective assistance can be overcome by a showing that counsel's "representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *In re Davis*, 152 Wn.2d at 673. Deliberate tactical choices may constitute ineffective assistance of counsel if they fall outside the wide range of professionally competent assistance, however, "exceptional deference must be given when evaluating counsel's strategic decisions." *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

Here, Kemper's allegation that his counsel encouraged him to plead guilty is insufficient to support his ineffective assistance of counsel claim, particularly in light of the fact that he was convicted after a jury trial. The entry of a guilty plea instead of proceeding to trial is a legitimate tactical choice. *State v. Grier*, 171 Wn.2d 17, 42-43, 246 P.3d 1260 (2011).

Finally, to the extent that Kemper's ineffective assistance of counsel claim is based on evidence regarding his counsel's workload, this is evidence outside the appellate record that we will not consider on direct appeal. "If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition." *McFarland*, 127 Wn.2d at 335. "[R]emanding for expansion of the record is not an appropriate remedy." *McFarland*, 127 Wn.2d at 338. Kemper's ineffective assistance of counsel claim fails.

We affirm Kemper's robbery conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Johanson, A.C.J.

We concur:

_____
Quinn-Brintnall, J.

_____
Bjorgen, J.